THE SEHAT LAW FIRM, PLC
Cameron Sehat, Esq. (SBN 256535)
5100 Campus Dr., Ste 200
Newport Beach, CA 92660
Telephone: (949) 825-5200
Facsimile: (949) 313-5001
Cameron@sehatlaw.com

*Attorneys for Plaintiff Leonides Enriquez*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LEONIDES ENRIQUEZ, individually,

        Plaintiff,

    vs.

CITY OF LONG BEACH, a
governmental entity; and DOE "1"
Individually, DOE "2", individually;
DOE "3", individually, DOE "4",
individually, DOES 5-10, inclusive,

    Defendants.

Case No.

**COMPLAINT FOR DAMAGES**
1. Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)
2. Fourth Amendment—Excessive Force (42 U.S.C. § 1983)
3. Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)
4. Municipal Liability—Ratification (42 U.S.C. § 1983)
5. Municipal Liability—Inadequate Training (42 U.S.C. § 1983)
6. Municipal Liability— Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)
7. Battery
8. Negligence
9. Violation of Cal. Civil Code §52.1

**DEMAND FOR JURY TRIAL**

## **COMPLAINT FOR DAMAGES**

COME NOW, Plaintiff LEONIDES ENRIQUEZ, individually, for his Complaint against Defendants City of Long Beach, DOE 1, DOE 2, DOE 3, DOE 4 individually and DOES 5-10, and allege as follows:

### **JURISDICTION AND VENUE**

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

3.     Plaintiff submitted a Government Tort Claim for Damages to the City of Long Beach on July 25, 2022. Plaintiff concurrently submitted a "Request to file a Late Claim" because he was unable to submit a timely 6-month claim due to medical incapacity.

4.     Plaintiff's counsel submitted a Petition for Leave to Present a late claim per G.C. §946.6 on April 27, 2023 with a pending hearing date at the Long Beach Superior Court on this petition set for October 3, 2023, Case no. 23LBCP00168. The disposition of the petition to present a late claim will only affect any and all state claims in this federal suit and has no bearing on the federal claims alleged.

5.     Plaintiff will request the court for a stay of the present federal lawsuit pending a final determination of the state petition for leave to bring an untimely claim.

**INTRODUCTION**

6.     This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal officer-involved shooting of Plaintiff LEONIDES ENRIQUEZ, hereinafter referred to as "PLAINTIFF" or "ENRIQUEZ", on August 8, 2021.

**PARTIES**

7.     At all relevant times, Plaintiff was an individual residing in the City of Los Angeles, California.

8.     At all relevant times, Defendant CITY OF LONG BEACH ("CITY") is and was a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued. CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Long Beach Police Department ("LBPD"), and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the LBPD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, CITY was the employer of Defendants officers DOE 1, DOE 2, DOE 3, DOE 4, and DOES 5-10 ,  hereinafter collectively referred to as "the individual defendants".

9.     DOE 1 is an officer working for the DOE 1, through his employment with the LBPD as a Police Officer.  At all relevant times, DOE 1was acting under color of law within the course and scope of his duties as an officer for the LBPD. Also at all relevant times, DOE 1 was acting with the complete authority and ratification of his principal, Defendant CITY.

10.     DOE 2 is an officer working for the CITY, through his employment with the LBPD as a Police Officer.  At all relevant times, DOE 2 was acting under color of law within the course and scope of his duties as an officer for the LBPD.  Also at all relevant times, DOE 2 was acting with the complete authority and ratification of his principal, Defendant CITY.

11.     DOE 3 is an officer working for the CITY, through his employment with the LBPD as a Police Officer.  At all relevant times, DOE 3 was acting under color of law within the course and scope of his duties as an officer for the LBPD.  Also at all relevant times, DOE 3 was acting with the complete authority and ratification of his principal, Defendant CITY.

12.     DOE 4 is an officer working for the CITY, through his employment with the LBPD as a Police Officer.  At all relevant times, DOE 4 was acting under color of law within the course and scope of his duties as an officer for the LBPD.  Also at all relevant times, DOE 4 was acting with the complete authority and ratification of his principal, Defendant CITY.

13.     DOE 5  is a supervisory officer working for the CITY, through his employment with the LBPD.  At all relevant times, DOE 5 was acting under color of law within the course and scope of his duties as an officer for the LBPD.  Also at all relevant times, DOE 5  was acting with the complete authority and ratification of his principal, Defendant CITY.

14.     DOES 6 through 10 were officers working for the CITY, through their employment with the LBPD.  At all relevant times, DOES 6 through 10 were acting under color of law within the course and scope of his duties as officers for the LBPD.  Also at all relevant times, DOES 6 through 10   were acting with the complete authority and ratification of their principal, Defendant CITY.

15.     On information and belief, the foregoing individual defendants were residents of the County of Los Angeles.

16.    In doing the acts and failing and omitting to act as hereinafter described, Defendants DOES 1-4, were acting on the implied and actual permission and consent of the supervisory officer DOES 6.

17.    In doing the acts and failing and omitting to act as hereinafter described, the individual defendants were acting on the implied and actual permission and consent of the CITY.

18.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

19.    All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

20.    The individual defendants are sued in their individual capacity.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

21.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22.    On August 8, 2021, at approximately 2120 hours, Plaintiff was driving east onLong Beach Blvd, in the city of Long Beach.

23.    At approximately the same time, Defendants officers pulled up behind Plaintiff and turned on their emergency lights. Plaintiff failed to yield and after short pursuit, his vehicle came to rest after it collided against another vehicle.

24.    Plaintiff now on foot walked about a block and half were his vehicle collided when he was met by Defendant officers at gunpoint.

25.    Plaintiff, who was dazed and disoriented as a result of the vehicle crash, complied with the officers' commands to put his hands on the hood of the police vehicle.

26.    Plaintiff was in possession of a handgun which was visibly tucked in his left sweater pocket.

27.    At no point during the entire encounter did Plaintiff ever reach nor attempted to reach for his handgun.

28.    Defendants DOE 1 and 2[1] are now verbally commanding Plaintiff to place his hands on the hood of the police vehicle. Plaintiff complies and in a standing position calmly approaches the front of the police vehicle and places both hands, flat on the hood of the vehicle.

29.    Concurrently, DOES 1-4 are each on notice of Plaintiff's handgun located in this left pocket as DOES 1-2 make the visual observation and loudly announce the observation of the gun in his left pocket, announcing "*417 Left Pocket*" to other officers including DOES 3 and 4.

30.    While Plaintiff's hands are still placed flat on the hood, DOES 1 and 2 instruct the Plaintiff to separate his feet. Plaintiff then takes a step back to make room to separate his feet, but takes his hands off the hood momentarily and lays them to his side. DOE 1 who has Plaintiff at gunpoint and standing about 6 feet from him immediately yells at him to place "*his hands in his pocket*" but then, he corrects himself and follow up with another angry command to place his hands on the hood, to which Plaintiff instantly complies. Plaintiff then seemingly raises his hand and gesture at DOE 1 requesting an explanation for being held at gunpoint. He then places his hand back on the hood of the vehicle.

---

[1] The following encounters and verbatim statements were pulled from DOE 1's body worn camera video footage which captured both audio and video

COMPLAINT FOR DAMAGES

31.    At that point in time, DOE 2 or 3 can be heard stating to Plaintiff that he "*we see the gun*" and that "*you will get shot*" if he doesn't comply to the numerous instructions that are being concurrently given to Plaintiff.

32.    After one last command by either DOE 2 or 3, to "**get on his knee**", Plaintiff who has been complying all along with his hands on the hood of the vehicle, removes his hands off the vehicle in order to brace his body while he gets on his knees.

33.    As soon as Plaintiff takes his hands off the hood in compliance with defendants' instruction, he is shot seven (7) times by defendants DOES 1 and 2, in rapid sequence.

34.    After being shot seven times by DOE 1 and 2, Plaintiff immediately falls to the ground and began moaning in excruciating pain and crying out to the officers yelling "***Why?! Why!?...I was just trying to get on my knees…***"

35.    The use of deadly force, being shot seven times, at close range, while Plaintiff was complying to all of the Defendants instructions, including the very last instructions to get on his knees, was unnecessary and therefore and an excessive use of force against Plaintiff.

36.    Plaintiff did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting. At no point did Plaintiff make any aggressive or overt act to justify the use of deadly force.

37.    After being shot, Plaintiff was bleeding profusely and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely permit medical personnel to treat Plaintiff.

38.    The delay of medical care to Plaintiff caused Plaintiff extreme physical and emotional pain and suffering, and was a contributing cause of Plaintiff's serious injuries.

39.    The use of force against Plaintiff by the individual defendants was excessive and objectively unreasonable under the circumstances, especially because

-6-

Plaintiff was complying to the officers' commands, even when the commands seemed confusing, and even contradictory to customary detention arrest and detention policies. Plaintiff did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting as he was merely started to get on his knees in compliance to instructions given to him.

40.    As a result of the shooting, Plaintiff suffered severe and debilitating bodily injuries, narrowly escaping death, said injuries consisting of gunshot wounds to his neck, torso and adnominal areas, damage and removal of his kidneys,

41.    Plaintiff suffered from an extended hospitalization at St. Mary's hospital over 81 days, requiring numerous surgeries and suffering from multiple complications due to his gunshot wounds including a left nephrectomy, acute kidney failure, acute respiratory failure following trauma and surgery, fracture of thoracic vertebrae, hemothorax, kidney laceration, laceration of his diaphragm, laceration of his transverse colon, small bowel laceration, depression and PTSD. Plaintiff's bowels were severed and irreparably damaged that they had to resected and removed requiring Plaintiff to endure a lifelong colostomy bag and rehabilitative care. Plaintiff also suffers psychological injuries including PTSD as a result of being shot for apparently no legitimate reason. Plaintiff was also wheelchair-bound during a greater portion of his rehabilitative care and required to regain basic functions such as hi mobility, ability to concentrate and remember daily tasks. Plaintiff will need life long medical care and rehabilitative services. Plaintiff has and will continue to sustain a loss of earnings and diminished earning capacity as a result of his injuries. Plaintiff suffered medical expenses as a result of his injuries.

COMPLAINT FOR DAMAGES

## **FIRST CLAIM FOR RELIEF**

### **Fourth Amendment—Detention and Arrest (42 U.S.C. § 1983)**

(By Plaintiff against Defendants DOES 1,2,3,4, and DOES 5-10)

42.    Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.    Defendants detained PLAINTIFF without reasonable suspicion and arrested him without probable cause.

44.    When Defendants DOES 1, 2, 3 and 4, pointed their weapons at PLAINTIFF and used force against him, they violated PLAINTIFF's right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45.    Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to Defendants DOES  1,2,3 ,4 and 5-10,

46.    As a result of their misconduct, Defendants DOES 1-4 and DOES 5-10 are liable for PLAINTIFF's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

47.    Plaintiff seeks compensatory including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

## **SECOND CLAIM FOR RELIEF**

### **Fourth Amendment —Excessive Force (42 U.S.C. § 1983)**

(By Plaintiff against Defendants and DOES 1-10)

48.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 47 of this Complaint with the same force and effect as if fully set forth herein.

49.     Defendants deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

50.     Defendant Does 1, 2, 3 and 4, and DOES 5-10used excessive force against PLAINTIFF when they fired seven rounds at him.

51.     Defendant Does 1, 2, 3 and 4, used excessive force against PLAINTIFF when they shot him without warning. Does 1, 2, 3 and 4 gunshots caused PLAINTIFF's harm and injuries.

52.     Defendants DOES 1-4 used excessive force against PLAINTIFF when they fired their guns seven times.

53.     As a result of the foregoing, PLAINTIFF suffered great physical pain and emotional distress, loss of enjoyment of life, loss of life, and loss of earning capacity.

54.     The conduct of the individual defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF, and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

55.     The use of force was excessive and unreasonable, especially because PLAINTIFF had surrendered, was complying to the multiple albeit many confusing instructions and never reached for his gun (a fact known to the involved officers at the time of the incident), nor posed an immediate threat of death or serious bodily injury at the time of the shooting.  Further, Defendants' use of force violated their training and standard police officer training.

56.     As a result of their misconduct, Defendants Does 1, 2, 3 and 4, and DOES 5-10 are liable for PLAINTIFF's injuries, either because they were integral participants in the use of force, or because they failed to intervene to prevent these violations.

57.     Plaintiff seeks compensatory including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

## THIRD CLAIM FOR RELIEF

### Fourth Amendment —Delay of Medical Care (42 U.S.C. § 1983)

(By Plaintiff against Defendants Does 1, 2, 3 and 4, and DOES 5-10)

58.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.      The denial and delay of medical care by Defendants deprived PLAINTIFF of his right to be secure in his person against unreasonable searches and seizures as guaranteed to PLAINTIFF under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

60.     As a result of the foregoing, PLAINTIFF suffered great physical pain and emotional distress up to the time medical care was actually summoned, loss of enjoyment of life,  and loss of earning capacity.

61.     Defendants knew that failure to provide timely medical treatment to PLAINTIFF could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing PLAINTIFF great bodily harm.

62.     Defendants' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

-10-

63.    As a result of their misconduct, Defendants Does 1, 2, 3 and 4, and DOES 5-10 are liable for PLAINTIFF's injuries, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

64.    Plaintiff seeks compensatory damages including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Ratification (42 U.S.C. § 1983)

(By Plaintiff against Defendants Does 1, 2, 3 and 4, and DOES 1-10)

65.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66.    Defendants Does 1, 2, 3 and 4, and DOES 5-10 acted under color of law.

67.    The acts of the individual defendants deprived PLAINTIFF and Plaintiff of their particular rights under the United States Constitution.

68.    Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the individual defendants, ratified the acts of the defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual defendants' acts.

69.    Upon information and belief, a final policymaker has determined (or will determine) that the acts of the individual defendants were "within policy."

70.    By reason of the aforementioned acts and omissions, Plaintiff suffered both general and special damage.  The aforementioned acts and omissions also caused PLAINTIFF's pain and suffering and loss of enjoyment of life.

71.     Accordingly, Defendants Does 1, 2, 3 and 4, and DOES 5-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

72.     Plaintiff compensatory including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

### FIFTH CLAIM FOR RELIEF

**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**

(Against Defendants CITY, Does 1, 2, 3 and 4)

73.     Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 72 of this Complaint with the same force and effect as if fully set forth herein.

74.     Defendants DOES 1, 2, 3 AND 4 acted under color of law.

75.     The acts of the individual defendants deprived PLAINTIFF and Plaintiff of their particular rights under the United States Constitution.

76.     The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, handling situations with the mentally ill, and the use of force, including deadly force.

77.     Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately, including training with respect to tactics, handling situations with suspects who have surrendered, and the use of force, including deadly and non-deadly force.

78.     The failure of Defendant CITY to provide adequate training caused the deprivation of Plaintiff's rights by the individual defendants; that is, Defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

79.     On information and belief, CITY failed to train the individual defendants properly and adequately, including training with respect to tactics, handling situations with surrendered suspects, and the use of force, including deadly and non-deadly force.

80.     By reason of the aforementioned acts and omissions, Plaintiff has suffered injuries to be proven at trial.  The aforementioned acts and omissions also caused PLAINTIFF's pain and suffering and loss of enjoyment of life.

81.     Accordingly, Defendants CITY, DOES 1, 2, 3 AND 4 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

82.     Plaintiff compensatory including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

## SIXTH CLAIM FOR RELIEF

**Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants CITY, Does 1, 2, 3 and 4)

83.     Plaintiff repeats and re-allege each and every allegation in paragraphs 1 through 82 of this Complaint with the same force and effect as if fully set forth herein.

84.     The individual defendants, including Does 1, 2, 3 and 4, acted under color of law.

85.     The individual defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY.

86.     On information and belief, the individual defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with PLAINTIFF's death.

87.    Defendants CITY, DOES 1, 2, 3 AND 4, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)    Using excessive force, including excessive deadly and non-deadly force;

(b)    Providing inadequate training regarding the use of deadly force;

(c)    Employing and retaining as police officers individuals such as Defendants Does 1, 2, 3 and 4, whom Defendant CITY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d)    Inadequately supervising, training, controlling, assigning, and disciplining CITY officers, and other personnel, including Defendants DOES 1, 2, 3 AND 4, who Defendant CITY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by CITY officers, Defendants DOES 1, 2, 3 AND 4;

(f)    Failing to adequately discipline CITY police officers, including Defendants DOES 1, 2, 3 AND 4, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

-14-

(g)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which police officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing;

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people;

(k)    Providing inadequate training regarding handling situations with mentally ill individuals.

88.    By reason of the aforementioned acts and omissions, Plaintiff has suffered past and future damages including general and special damages, loss of earnings and diminished earning capacity.  The aforementioned acts and omissions also caused PLAINTIFF's pain and suffering, loss of enjoyment of life.

89.    Defendants CITY and DOES 1, 2, 3 AND 4, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs

above.  Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of PLAINTIFF, Plaintiff, and other individuals similarly situated.

90.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Does 1, 2, 3 and 4 acted with intentional, reckless, and callous disregard for the life of PLAINTIFF and for PLAINTIFF's and Plaintiff's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 1, 2, 3 AND 4 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

91.    Accordingly, Defendants CITY and DOES 1, 2, 3 AND 4 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

92.    Plaintiff compensatory including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

93.    n/a


**SEVENTH CLAIM FOR RELIEF**

**Battery**

**(Against Defendants CITY, Does 1, 2, 3 and 4)**

94.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth herein.

95.    DOES 1-4 and DOES 5-10, while working as officers for the LBPD, and acting within the course and scope of their duties, intentionally shot PLAINTIFF multiple times and used unreasonable and excessive force against him.

COMPLAINT FOR DAMAGES

As a result of the actions of Defendants, Plaintiff suffered severe pain and suffering and ultimately suffers from debilitating injuries. Defendants had no legal justification for using force against PLAINTIFF, and their use of force while carrying out their duties as police officers was an unreasonable and nonprivileged use of force.

96.    CITY is vicariously liable for the wrongful acts of Defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

97.    The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages as to Defendants and DOES 1-10.

98.    Plaintiff's compensatory including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

## EIGHTH CLAIM FOR RELIEF

### Negligence

(Against all Defendants)

99.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 98 of this Complaint with the same force and effect as if fully set forth herein.

100.    Police officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

-17-

101.    Defendants DOES 1-4 breached this duty of care. Upon information and belief, the actions and inactions of Defendants DOES 1-4 were negligent and reckless, including but not limited to:

(a)  The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against PLAINTIFF;

(b)  the negligent tactics and handling of the situation with PLAINTIFF, including pre-shooting and pre-Tasing negligence;

(c)   the negligent detention, arrest, and use of force, including the negligent miscommunication and confusing commands and instructions leading up to the shooting;

(d)  the failure to provide prompt medical care to PLAINTIFF;

(e) the failure to properly train and supervise employees, both professional and non-professional, including DOES 1-10;

(f)  the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of PLAINTIFF;

(g)  the negligent communication of information during the incident;

(i)  the failure to properly train DOES 1-4 with regard to handling situations involving surrendered suspects;

102.   As a direct and proximate cause of Defendant's conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused to suffer severe pain and suffering and ultimately will require life long care. Also as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.

-18-

103.    CITY is vicariously liable for the wrongful acts of Defendants DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

104.    Plaintiff compensatory including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

## NINTH CLAIM FOR RELIEF

### Violation of Cal. Civil Code § 51.2

(Against all Defendants)

105.    Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 104 of this Complaint with the same force and effect as if fully set forth herein.

106.    California Civil Code, Section 52.1 (The Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

107.    On information and belief, Defendants DOES 1-4, while working for the CITY and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against PLAINTIFF, including shooting him without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care.

108.    When Defendants shot PLAINTIFF, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

-19-

109.   On information and belief, Defendants intentionally and spitefully committed the above acts to discourage PLAINTIFF from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which they were fully entitled to enjoy.

110.   On information and belief, PLAINTIFF reasonably believed and understood that the violent acts committed by Defendants DOES 1-4, inclusive, were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

111.   Defendants successfully interfered with the above civil rights of PLAINTIFF.

112.   The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries and damages.

113.   CITY is vicariously liable for the wrongful acts of Defendants DOES 1-4 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

114.   Defendants DOES 5-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

115.   The conduct of Defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for PLAINTIFF's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to Defendants DOES 1-10.

116.   Plaintiff compensatory including general and special damages for the violation of PLAINTIFF's rights.  Plaintiff also seeks attorney's fees under this claim and punitive damages.

1

2 **<u>PRAYER FOR RELIEF</u>**

3        WHEREFORE, Plaintiff request entry of judgment in their favor and against

4 Defendants City of Long Beach and Does 1-10, inclusive, as follows: (1) For

5 compensatory damages in whatever other amount may be proven at trial, including

6 both general pain and suffering, both past and future damages, loss of quality of life,

7 loss of enjoyment of life, diminished earning capacity, loss of earning capacity, past

8 and future medical damages under federal and state law; (2) For punitive damages

9 against the individual defendants in an amount to be proven at trial; (4) For statutory

10 damages; (5) For interest; (6) For reasonable attorneys' fees, including litigation

11 expenses; (7) For costs of suit; and (8) For such further other relief as the Court may

12 deem just, proper, and appropriate.

13

14

15 DATED:  August 8. 2023            THE SEHAT LAW FIRM PLC

16

17                                 By /s/ Cameron Sehat

18                                    Cameron Sehat, Esq.
                                    Attorneys for Plaintiff Leonides Enriquez

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:  August 8, 2023                    THE SEHAT LAW FIRM PLC


                                          By_____/s/ Cameron Sehat_____
                                                 Cameron Sehat, Esq

-22-